In the Matter of JOSEPH MICHAEL MEEHAN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 13, 1992

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Grace D. Moran* of counsel), for petitioner.

*Kressel, Rothlein & Roth (Stephen Kressel* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with 14 allegations of professional misconduct. Charges Nine, Eleven and Thirteen were withdrawn by the petitioner prior to the hearing. The Special Referee sustained all of the remaining 11 charges. The petitioner now moves to confirm the report of the Special Referee and the respondent has filed an affirmation in opposition thereto.

Charge One alleges that the respondent neglected his duties towards clients who retained him in June 1985 to represent them in an adoption proceeding. The clients paid the respondent a retainer fee of $1,000. The clients were visited by the appropriate authorities in or about November 1986 and were advised that the matter would proceed expeditiously from that point. Since that time the clients have been unable to contact the respondent. In April 1988, the clients learned that the adoption proceeding had been dismissed from the Family Court, Queens County, calendar due to the respondent's failure to produce certain documents. In June 1988 the clients obtained a default judgment against the respondent in a small claims action in the amount of $1,270. The judgment remains unpaid.

Charge Two alleges that the respondent neglected his duties towards a client who had retained him in June 1986 to prosecute an action for the return of property valued at $50,000. The respondent met twice with his client and received a retainer fee during the summer of 1986. In December 1987 the client signed an affidavit in support of a motion prepared by the respondent. The client has been unable to contact the respondent since February 1988.

Charge Three alleges that the respondent neglected a divorce action in which he was retained to represent the wife on or about September 8, 1986. The respondent received a $1,500 retainer fee. A summons and complaint was served in or about December 1986. In or about July 1987 the parties

agreed to a settlement. At the urging of the respondent, the wife signed blank legal forms. The respondent informed his client that her divorce would be completed by the end of August 1987. No judgment of divorce had been entered as of March 1988 and the wife has been unable to contact the respondent concerning this matter.

Charge Four alleges that the respondent was retained to represent a landlord in an eviction proceeding in or about September 1987. The respondent failed to take any action on behalf of his client. The tenants therefore continued in possession without paying rent until they left the premises of their own accord approximately seven months later in April 1988. The landlord then discovered that extensive damage had occurred to the premises. The client has been unable to contact the respondent to obtain the return of his deed and other papers which he previously turned over to the respondent.

Charge Five alleges that the respondent neglected a matter which he had been retained to prosecute against the City of New York. In or about November 1987 the client retained another attorney to ascertain the status of her case. The respondent failed to respond to 27 phone calls made between November 28, 1987, and May 18, 1988, or to a letter dated June 9, 1988, from his client's new attorney. The respondent also failed to respond to a summons served upon him in or about September 1988 in a legal malpractice action.

Charge Six alleges that the respondent neglected a matrimonial action which had been turned over to him in April 1986 following the death of the previously retained counsel. In December 1986, the client executed a verified complaint which was served on his wife in February 1987. On June 17, 1987, the client paid the respondent $2,047. Notwithstanding that the divorce was uncontested, the respondent took no action on the case after June 1987, despite the client's repeated telephone calls to him to ascertain the status of this matter.

Charge Seven alleges that the respondent neglected a matrimonial action which the wife had retained him to handle in or about October 1988. The respondent received a $2,000 retainer. He indicated to his client that the divorce would be final approximately six weeks after the signing of the separation agreement on December 30, 1988. On March 8, 1989, the wife inquired as to the status of the divorce and was informed by the respondent that the judgment should be available in a

week. In response to the wife's complaints regarding the husband's failure to abide by the terms of the separation agreement, the respondent represented that he would resolve the problem as soon as the judgment was received. Despite numerous attempts by the wife to communicate with the respondent, she has had no contact with the respondent since March 1989. On or about July 13, 1989, the wife retained another attorney, who contacted the court and learned that no papers had ever been filed on the wife's behalf.

Charge Eight alleges that the respondent neglected another matrimonial action for which he had accepted a $2,000 retainer in July 1987. On March 7, 1989, the client signed what the respondent described as "final papers" which he would file with the court. In June 1989, the client communicated with the respondent and received evasive answers. In August 1989, the client was informed by a secretary in the respondent's office that the papers signed that March had never been filed. The respondent canceled each of the seven appointments which the client made with him in October and November 1989. When the client confronted the respondent at his office on November 14, 1989, the latter offered no explanation for his failure to complete this matter.

Charge Ten alleges that the respondent neglected his duties in a divorce action which he had been retained to handle for the wife on or about November 11, 1987. The respondent, who had received a $685 retainer, served a summons with notice on the husband on or about February 11, 1988. He told his client that he would advise her of the date for the court appearance. The client heard nothing further from the respondent until December 1988, after she had complained to the Grievance Committee. At that time, he promised to complete the matter by January 31, 1989. He failed to do so.

Charge Twelve alleges that the respondent neglected another divorce matter in which he was retained by the wife on or about May 13, 1988. The respondent received an $1,800 retainer. After the parties signed an agreement in December 1988, the respondent informed his client that he would file the requisite papers with the court and would advise her when the divorce was final. The respondent neither filed the necessary papers nor forwarded a copy of the signed separation agreement to the husband's counsel. The respondent failed to respond to numerous inquiries from his client.

Charge Fourteen alleges that the respondent failed to coop-

erate with the Grievance Committee in its investigations of his conduct. Upon receipt of each of the aforesaid complaints, the Grievance Committee forwarded copies of each to the respondent and solicited his response. No responses were ever forthcoming from the respondent.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee sustaining all 11 of the charges of misconduct (Charges One, Two, Three, Four, Five, Six, Seven, Eight, Ten, Twelve and Fourteen). The respondent is guilty of the misconduct outlined above. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances advanced by the respondent, including an emotional problem he was experiencing and the fact that he has previously been suspended for two years, effective December 1, 1989, upon a finding that he neglected a single estate matter. Nevertheless, the respondent is guilty of a pattern of serious professional misconduct. Accordingly, the respondent is suspended from the practice of law for an additional period of three years commencing immediately and until the further order of this court.

MANGANO, P. J., THOMPSON, BRACKEN, KUNZEMAN and SULLIVAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent Joseph Michael Meehan is suspended from the practice of law for an additional period of three years, commencing immediately, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement after the expiration of the three-year period upon furnishing satisfactory proof (a) that during that time he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Joseph Michael Meehan is commanded to continue to desist and refrain (1) from practicing law in any

form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.